IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., | |
|     Plaintiff, | |
|     v. | Civil Action No. |
| UNWIRE APS and UNWIRE US, INC., | JURY TRIAL DEMANDED |
|     Defendants. | |

## **COMPLAINT**

Plaintiff Bytemark, Inc. ("Bytemark" or "Plaintiff"), files this Complaint against Unwire ApS ("Unwire") and Unwire US ("Unwire US") (collectively the "Unwire entities") and as claim for relief states as follows:

## **NATURE OF THE ACTION**

1.    This is an action for patent infringement under the Patent Act.

## **PARTIES**

2.    Bytemark is a Delaware corporation organized and existing under the laws of the State of Delaware with a place of business at 268 W 44th Street, 3rd Floor, New York, New York 10036.

3.    Bytemark is generally in the business of providing a secure mobile ticketing platform for transit, tourism, and events through smartphone apps, point-of-sale plugins, and open APIs.  Bytemark is a market leader in providing mobile ticketing technologies to the transit industry and delivers a comprehensive platform that improves the ticket and payment experience for consumers and merchants.

4.      On information and belief, Unwire is a corporation with its headquarters at Vermundsgade 38A, 2100 Copenhagen, Denmark.

5.      On information and belief, Unwire US is a domestic business corporation with a principal executive office at 154 Grand Street, New York, New York, 10013.  On information and belief, Unwire US is a wholly owned subsidiary and agent of Unwire and was created to effectuate the Unwire entities' U.S. contracts.

6.      On information and belief, at all relevant times Unwire US's acts were, in both form and substance, those of Unwire and were directed and fully controlled by Unwire.  Unwire US consented to this relationship, owed a fiduciary duty to Unwire, and possessed the power to alter the legal relations between Unwire and third parties (e.g., to enter into contracts).  Unwire US exercised a low amount of discretion, and the dealings between the entities were at arms' length.   Unwire carried the gain or risk, not Unwire US.   Defendants shared customers, efficiencies, and technological innovation, and it is believed that Defendants shared common office space, address and/or phone numbers.  It is also believed that Defendants' funds, profits, and property were intermingled; that Unwire US was not treated as an independent profit center; that there was inadequate capitalization; that there was a disregard of corporate formalities; and that Unwire US's debts were guaranteed and paid by Unwire.

7.      Jens Søndergaard holds himself out as being the CEO of both of the Unwire entities.   On information and belief, the Unwire entities have common owners, executives, officer, and/or employees.

8.      On information and belief, Defendants are in the business of offering for sale and selling mobile ticketing applications and systems, among other mobile services.

## JURISDICTION

9.      This action is for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

10.      This Court has subject matter jurisdiction under Title 28, United States Code, §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

11.      Venue in this judicial district is proper under Title 28, United States Code §§ 1391 and 1400.  Defendants conduct business within this District and offer for sale and/or sell in this District applications and systems that infringe Plaintiff's patents.  Additionally, venue is proper because Defendant Unwire US resides in this District.  Furthermore, a substantial part of the events or omissions giving rise to the claim occurred in this District: Defendants infringed the Patents-in-Suit within this District through offering for sale and selling their infringing applications and systems through Unwire US.  Bytemark's intellectual property, the property that is the subject of the action, is also situated in this District.

12.      This Court has personal jurisdiction over Defendants because Unwire US resides in the forum state and the Unwire entities act in concert to infringe Plaintiff's Patents through Defendants' U.S. office in this District.  On information and belief, the Unwire entities have infringed Plaintiff's Patents-in-Suit in this District through offering for sale and selling their infringing applications and systems from Defendants' U.S. office.  On information and belief, Defendants have derived substantial revenue through their U.S contracts and, by diverting business from Bytemark, have caused it injury within the forum state.  Defendants expected or should have reasonably expected that these actions would have consequences in the state of New York, where Bytemark and Unwire US are located and do business.

## BACKGROUND

13.     Bytemark is the owner of all rights, title and interest in and to United States Patent Nos. 8,494,967 ("the '967 patent"), attached hereto as Exhibit A, and 9,239,993 ("the '993 patent"), attached hereto as Exhibit B (collectively the "Patents-in-Suit").

14.     Bytemark offers for sale visual validation mobile ticketing applications and systems disclosed and claimed by the Patents-in-Suit including but not limited to the V3 Ticketing Technology.

15.     Bytemark has secured contracts relating to its V3 Ticketing Technology within the mass transit industry, including a contract with its first and longtime customer New York Waterway, the largest private ferry operator in the U.S.

16.     Bytemark's contract with New York Waterway was highly publicized and well known in the mobile ticketing market.

17.     Bytemark and Defendants are competitors in the niche mobile ticketing market. Competitors in this market frequently bid against each other to provide mobile ticketing services to municipalities and other entities across the nation.

18.     Defendants are offering for sale and selling their visual validation mobile ticketing applications and systems, including the GoPass mobile application, that infringe at least claim 1 of the '967 patent literally and/or under the doctrine of equivalents and at least claim 1 of the '993 patent literally and/or under the doctrine of equivalents.

19.     Defendants have sold their infringing visual validation applications and systems to at least Dallas Area Rapid Transit ("DART"), Denton County Transportation Authority ("DCTA"), and Fort Worth Transit Authority ("the T").

20.     On information and belief, over the past few years, Defendants have offered for

sale their infringing visual validation mobile ticketing applications to municipalities including DART, DCTA, and the T.

21.     On information and belief, Unwire US, Unwire's U.S. subsidiary, acts under the direction and control of Unwire's Danish entity and offered to sell its infringing applications and systems in this District.

22.     Defendants have marketed and continue to market their infringing GoPass applications and systems through press releases and videos online.

23.     On information and belief, Defendants have been aware of the inventions disclosed and claimed in the Patents-in-Suit since they were issued due to the niche nature of the mobile ticketing market.   At a minimum, Defendants have been aware of the inventions disclosed and claimed in the Patents-in-Suit through press relating to the New York Waterway, Bytemark's lawsuits, and the cease and desist letter sent to Unwire by Bytemark.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 8,494,967**
**(Against all Defendants)**

24.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-23 herein.

25.     Pursuant to 35 U.S.C. § 271(a), Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents), at least claim 1 of the '967 patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary GoPass mobile application in the U.S. that include a method by a server system for obtaining visual validation of the possession of a purchased electronic ticket on a user's computer device for presentation to a ticket taker and all claim elements recited in claim 1.  *See* Exhibit A.

26.     In violation of 35 U.S.C. § 271(b), Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents), at least claim 1 of the '967 patent indirectly by inducing the infringement of at least claim 1 of the '967 patent by third parties including but not limited to DART, DCTA, and the T and their customers by encouraging these customers and others to purchase and use the infringing systems and applications including the GoPass mobile application.  Defendant Unwire has also violated 35 U.S.C. § 271(b) by inducing Unwire US, its U.S. subsidiary, to directly infringe at least claim 1 of the '967 patent.

27.     Despite actual notice of infringement, Defendants continue to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and service for their infringing applications with the knowledge or willful blindness that their conduct will induce their customers to infringe at least claim 1 of the '967 patent.

28.     In violation of 35 U.S.C. § 271(c), Defendants continue to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '967 patent indirectly by contributing to the infringement of at least claim 1 of the '967 patent, including but not limited to DART, DCTA, the T, and their customers.

29.     Defendants have contributed and continue to contribute to the infringement of at least claim 1 of the '967 patent because they knew that the applications and systems they offer for sale and sell, including but not limited to the GoPass mobile application, are infringing and are not suitable for substantial non-infringing use.

30.     As a result of Defendants' infringement of at least claim 1 of the '967 patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event

less than a reasonable royalty.

31.    Defendants' infringement of the '967 patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '967 patent.

32.    Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '967 patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Defendants from continuing such infringement.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 9,239,993**
**(Against all Defendants)**

33.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1-32 herein.

34.    Pursuant to 35 U.S.C. § 271(a), Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents), at least claim 1 of the '993 patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary GoPass mobile application in the U.S. that include a method performed by a computer system for displaying visual validation of the possession of a previously purchased electronic ticket for utilization of a service monitored by a ticket taker and all claim elements recited in claim 1.  *See* Exhibit B.

35.    In violation of 35 U.S.C. § 271(b), Defendants have infringed, and are continuing to infringe (literally and/or under the doctrine of equivalents), at least claim 1 of the '993 patent indirectly by inducing the infringement of at least claim 1 of the '993 patent by third parties including but not limited to DART, DCTA, the T, and their customers by encouraging these customers and others to purchase and use the infringing systems and applications including the

GoPass mobile application.  Defendant Unwire has also violated 35 U.S.C. § 271(b) by inducing Unwire US, its U.S. subsidiary, to directly infringe at least claim 1 of the '993 Patent.

36.     Despite actual notice of infringement, Defendants continue to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and service for their infringing applications with the knowledge or willful blindness that their conduct will induce their customers to infringe at least claim 1 of the '993 patent.

37.     In violation of 35 U.S.C. § 271(c), Defendants have infringed and are continuing to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '993 patent indirectly by contributing to the infringement of at least claim 1 of the '993 patent by DART, DCTA, the T, and their customers.

38.     Defendants have contributed and continue to contribute to the infringement of at least claim 1 of the '993 patent because they knew that the applications and systems they offer for sale and sell, including but not limited to the GoPass mobile application, are infringing and are not suitable for substantial non-infringing use.

39.     As a result of Defendants' infringement of at least claim 1 of the '993 patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

40.     Defendants' infringement of the '993 patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '993 patent.

41.     Plaintiff has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '993 patent, and will suffer additional damages and will

be irreparably injured unless the Court enjoins Defendants from continuing such infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Bytemark, Inc., prays for relief, as follows:

A.      That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 8,494,967, together with all rights of recovery under such patent for past and future infringement thereof;

B.      That United States Patent No. 8,494,967 is valid and enforceable in law and that Defendants have infringed said patent;

C.      That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 9,239,993, together with all rights of recovery under such patent for past and future infringement thereof;

D.      That United States Patent No. 9,239,993 is valid and enforceable in law and that Defendants have infringed said patent;

E.      Awarding to Plaintiff its damages caused by Defendants' infringement of United States Patent Nos. 8,494,967 and 9,239,993, including an assessment of pre-judgment and post-judgment interest and costs, and an award of supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting, as needed;

F.      That Defendants' infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

G.      Entering a permanent injunction against Defendants, their officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the Patents-in-Suit,

including without limitation, from continuing to make, use, sell and/or offer for sale;

H.    That this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285;

I.    That the Court award punitive damages to Plaintiff owing to the willful, wanton, and malicious nature of Defendants' acts; and

J.    Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: December 27, 2017                    Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani (DK-9673)
Meredith & Keyhani, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Tel. (212) 760-0098
Fax (212) 202-3819
dkeyhani@meredithkeyhani.com
*Attorneys for Plaintiff*